UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
:
:
:
THE FORTUNE SOCIETY,                                         :  **ORDER**
:
:  14-CV-6410 (VMS)
          Plaintiff,                                         :
:
     -against-                                               :
:
SANDCASTLE TOWERS HOUSING                                    :
DEVELOPMENT FUND CORP. ET AL,                                :
:
          Defendants.                                        :
:
:
:
:
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

      As discussed below, Defendants' motion at ECF No. [75] is granted in part and denied in part.

      Plaintiff has alleged that Defendants' housing application screening process had a discriminatory disparate impact on Plaintiff and its members, several of whom are African-American and Hispanic individuals with criminal records and whom have applied or would like to apply for apartments in Defendants' buildings. Defendants deny that their process has any disparate impact on Plaintiff's members, and they particularly note that the most residents of the buildings are members of protected classes. The parties sharply disagree as to the proper methodologies to be applied in examining any alleged disparate impact. As to any study of the population of Defendants' buildings, the parties disagree as to what are the proper delineations of the comparator population (e.g., the zip code, certain census tracts, all of New York City, all

1

individuals who are income-qualified by certain City programs for housing in Plaintiff's buildings, etc.). Plaintiff also argues that the membership in protected classes of the residents of Defendants' buildings is not a factor to be considered in assessing any disparate impact. Rather, Plaintiff has begun to argue that the question is whether Defendants' screening process reduces the number of applicants who are in protected classes, regardless of the ultimate outcome of the application of process itself, even if, hypothetically, all of the residents of the subject buildings were members of protected classes. It is clear from the "apples and oranges" course of the oral argument on the present motion that both sides need to develop their legal theories with greater precision and case-law analysis.

In the meanwhile, discovery is almost over. As Plaintiff is pursuing a disparate impact claim, expert testimony will be central to Plaintiff's presentation of its case. In this motion, see Motion to Take the Deposition of Dr. Parnell etc., Mar. 18, 2016, ECF No. [75]. Defendants seek disclosure of the compilation data and a deposition of the individual who compiled the data, as well as the continued deposition of an expert witness, Dr. Parnell. Plaintiff opposes. Letter, Mar. 24, ECF No. [77].

As to the preparation of data upon which Plaintiff's expert report by Dr. Parnell is based, that was done by Plaintiff's law firm. Defendants' request for the examination of a witness with knowledge of the compilation of the data must be rejected because the 2010 Amendments to the Federal Rules of Civil Procedure limit the required disclosure about communications with experts. Defendants' citations are unavailing because they pre-date these amendments. Of note, Plaintiff has already produced a declaration by a paralegal familiar with the compilation process such that Defendants have an overview of the process, which may help them in their questioning of Dr. Parnell.

That being said, although Plaintiff need not turn over communications with their expert about matters beyond those allowed by FRCP 26, they must turn over the underlying data upon which Dr. Parnell's report is based.  See In re MTBE Prods. Liab. Litig., 293 F.R.D. 568, 577 (S.D.N.Y. 2013) ("Instead, the specific mandate of Rule 26(b)(4)(C)(ii)—that a testifying expert must produce the 'facts or data' that she 'considered' in forming her opinion—controls, and any ambiguity should be resolved in favor of production, 'lest the privilege interfere with the goal of the disclosure requirements, which is to allow an adversary to expose whatever weaknesses, unreliabilities, or biases might infect the opinions of testifying experts called by [an] adverse party.'" (citation omitted)).  Plaintiff may not withhold the data until a date of its choosing, as appears to the argument Plaintiff makes under FRE 1006, but must rather produce it in accordance with FRCP 26.  Plaintiff also argues that Defendants have all of the underlying data from their own files, such that they need not turn over their compilation.  This is not correct, given that Dr. Parnell appears to have relied on information not with Defendants (e.g., zip code files), and there is confusion as to which spreadsheet Dr. Parnell used.  Plaintiff's disclosure will help eliminate this confusion.  If the production cannot be made, then Defendants may re-raise the request to depose Plaintiff's counsel's staff.

Plaintiff, of course, should be aware that restricting access to data or the process of its compilation may undermine the strength of the witness's testimony as the case moves forward.  Plaintiff must make a strategic choice as to the disclosure beyond that required by the Court.  Plaintiff must also determine whether Dr. Parnell's review of only the data compilation, rather than the data, is sufficient to withstand Defendants' anticipated challenges.  See, E.E.O.C. v. Freeman, 778 F.3d 463 (4th Cir. 2015).

As to Dr. Parnell's testimony, during his deposition, Plaintiff's counsel instructed the witness not to answer questions about ethnic and racial data that might be used to analyze the applicant pool.  Plaintiff's counsel claimed that this was an inquiry into communications with counsel that were privileged.  Although Defendants' counsel's question could have been more clearly stated, the subject matter of the question was not privileged and thus the question should have been answered.  Plaintiff's objection must be rejected because FRCP 26(b)(4)(C)(ii)-(iii) permits inquiry into facts or data, and assumptions provided by the party's attorney.  Moreover, as Defendants argue at page 9 of their March 18, 2016 letter, there are several important questions about the scope and reliability of the data, and about the assumptions that Plaintiff's counsel asked Dr. Parnell to consider (<u>e.g.</u>, the income limitations applicable to residents, the Regulatory Agreement with the City of New York, the approval process of the City of New York for residents, the appropriateness of consider any and or certain census tracts), into which Defendants should be permitted to inquire, as they clearly intend to raise them in the anticipated summary judgment motions which will turn in part on the resolution of the questions outlined in the first paragraph of this Order, <u>supra</u>.  Accordingly, Dr. Parnell's deposition may be reopened.  Defendants must pay the costs of the deposition, including Dr. Parnell's hourly rate, because it is Defendants who seek the additional testimony.  The parties are urged to schedule the re-opened deposition as soon as possible, and to consider conducting it by videolink.  The deposition is to conclude by the end of May unless Dr. Parnell is entirely unavailable between now and then.

+++

The parties' opening summary judgment briefs and supporting papers must be exchanged by June 24, 2016.  The parties are to adjust the remaining deadlines accordingly.  The parties are strongly encouraged to discuss the summary judgment motions prior to their exchange so that the parties can fully understand and brief the relevant issues which concern an evolving area of law.

Dated:  Brooklyn, New York
        April 25, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge
