IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FORTUNE SOCIETY, INC.<br>29-76 Northern Blvd<br>Long Island City, NY 11101<br><br>   Plaintiff,<br><br>  v.<br><br>SANDCASTLE TOWERS HOUSING<br>DEVELOPMENT FUND CORP.<br>1465A Flatbush Ave.<br>Brooklyn, NY 11210<br><br>SARASOTA GOLD LLC<br>1407 48th Street<br>Brooklyn, NY 11219<br><br>E & M ASSOCIATES LLC<br>1465A Flatbush Ave.<br>Brooklyn, NY 11210<br><br>and<br><br>WEISSMAN REALTY GROUP LLC<br>45 Broadway, 12th Floor<br>New York, NY 10006<br><br>   Defendants. | Civil Action No. 1:14-cv-6410<br><br>Magistrate Judge Vera M. Scanlon<br><br>Oral Argument Requested |

## MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY

Plaintiff The Fortune Society, a New York City organization that helps formerly

incarcerated individuals find housing, moves for summary judgment against Defendants Sarasota

1

Gold, LLC, Sandcastle Towers Housing Development Fund Corporation, and E & M Associates, LLC ("Defendants"[1]). Defendants own and operate a large apartment complex in Queens called The Sand Castle. The undisputed evidence establishes that Defendants maintain and enforce a policy or practice that automatically and categorically excludes applicants and prospective applicants who have a criminal record from renting housing. Summary judgment should be granted against Defendants because, in maintaining and enforcing this policy, they refuse to consider applicants on a nondiscriminatory basis as required by the Fair Housing Act, 42. U.S.C. § 3601 *et seq.* ("FHA") and the New York State and City Human Rights Laws.

Under the FHA, and parallel New York State and City laws, facially neutral policies or practices that disproportionately and adversely affect members of a protected class are unlawful unless the defendant can prove that the practice "is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests." *Mhany Mgmt., Inc. v. Cty. of Nassau*, No. 14-1634-CV L, 2016 WL 1128424, at *30 (2d Cir. Mar. 23, 2016); *see also Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc. ("ICP")*, 135 S. Ct. 2507, 2514 (2015). Even if the defendant can meet that burden, a plaintiff will prevail by demonstrating that the same legitimate interests could be served through a less discriminatory alternative. *Id*. Here, as described more fully in the accompanying memorandum, Defendants' unlawful actions cause a large and statistically significant disparate impact on African Americans and Latinos. Further, any public safety concerns can be satisfied with the less discriminatory alternative of individualized review of applicants who have criminal records. Defendants are therefore liable for discrimination.

---

[1] "Defendants" is used herein to refer to these three entities.

Accordingly, Fortune moves for summary judgment against these three Defendants on its race discrimination claims (Counts I-III) based on disparate impact. Fortune's alternative ground for liability on Counts I to III – intentional discrimination – is not at issue in this motion and is not necessary to establish Defendants' liability for race discrimination. Evidence of intentional racial discrimination will remain for trial, as will Fortune's source of income discrimination claim (Count IV). Pl. Am. Compl. (Dkt. 30). Fortune does not move for summary judgment as to the fourth Defendant, Weissman Realty Group LLC ("Weissman Realty").

Fortune also moves to exclude the reports and testimony of Defendants' expert, Donald Welsch, on the grounds that his proposed testimony is not relevant and fails to meet the requirements for admissibility of expert testimony under Rules 403 and 702 of the Federal Rules of Evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Welsch's conclusory opinions are irrelevant to the core questions at issue, unreliable, unhelpful to the trier of fact, and he is simply not qualified to be an expert on any issue of importance in this case.

Dated: July 15, 2016

Respectfully submitted,

/s/ Ryan C. Downer
Ryan C. Downer (RD3249)
John P. Relman, admitted *pro hac vice*
Glenn Schlactus, admitted *pro hac vice*
Jia Cobb, admitted *pro hac vice*
Margaret Burgess, admitted *pro hac vice*
RELMAN, DANE & COLFAX, PLLC
1225 19th St., NW, Suite 600
Washington, D.C. 20036-2456
Tel: 202-728-1888
Fax: 202-728-0848
E-mail: jrelman@relmanlaw.com
rdowner@relmanlaw.com
gschlactus@relmanlaw.com
jcobb@relmanlaw.com
mburgess@relmanlaw.com
*Attorneys for Plaintiff*