LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

Loretta M. Gastwirth, Esq.
Ext. 119
Email: lgastwirth@meltzerlippe.com

January 25, 2017

**Via ECF**
Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *The Fortune Society v. Sandcastle Towers et al.*,
            **Civil Docket No. 1:14-cv-06410 (VMS)**
            **MLGB File No.: 13057-00150**

Dear Judge Scanlon:

      We have recently been retained to represent Defendants in the above-referenced action. We write this letter to respectfully request a pre-motion conference to discuss with the Court Defendants' anticipated filing of a motion to dismiss Plaintiff's Amended Complaint (Dckt. No. 30) pursuant to, *inter alia*, Fed. R. Civ. P. 12(b)(1). Your Honor's Individual Rules do not require a pre-motion conference or pre-motion conference letter as a pre-condition for filing a motion. However, given the litigation and motions which are *sub judice*, we thought it would be appropriate to advise the Court of the grounds for this motion. Defendants respectfully request that any oral argument and/or decision on the currently pending cross-motions for summary judgment pursuant to Fed. R. Civ. P 56 be stayed pending the completion of briefing on the proposed motion to dismiss.

      Plaintiff commenced this action on or about October 30, 2014, alleging Defendants have implemented a "blanket ban" on applications from tenants with criminal records. Plaintiff claims this "blanket ban" negatively and disparately impacts predominantly African-American and Latino persons. According to Plaintiff, a disproportionate percentage of Americans with criminal records are African-American or Latino, so any alleged "blanket ban" on potential tenants with criminal records would cause a higher proportion of potential African-American and Latino potential tenants to be refused housing. Defendants have asserted throughout the duration of this case that no such "blanket ban" or discrimination exists, and have so argued in the pending cross-motions for summary judgment.

Hon. Vera Scanlon
January 25, 2017
Page 2 of 4

In our review of this action as incoming counsel, we have identified an additional issue that we believe requires motion practice – namely, that Plaintiff, a non-membership organization, lacks the necessary standing to maintain this suit. In June of 2013, Sandcastle Towers entered into a regulatory agreement with the New York City Department of Housing Preservation which placed a number of restrictions on the types of tenants Sandcastle Towers was permitted to accept. By virtue of these restrictions, during the relevant time period, Plaintiff was not eligible to rent apartments with Sandcastle Towers in its own name because Sandcastle Towers was prohibited from leasing apartments to *any* organizational tenant, regardless of the organization's mission or the types of clients served. Instead, Sandcastle Towers was required to lease apartments directly to qualifying individuals *only*.

Plaintiff has not identified any individual applicant or would-be applicant for an apartment with Sandcastle Towers. Without knowing the identities of these would-be applicants, we cannot know whether any of them would have been qualified tenants, or if instead they would have been disqualified on permissible grounds (including but not limited to failure to meet credit score requirements, history of landlord-tenant legal action, and/or failure to meet income restrictions). This failure on Plaintiff's part to identify any otherwise qualified potential tenants who were affected by the alleged "blanket ban" deprives the Court of jurisdiction based on, among other things, lack of standing.

## I. Basis for the Motion

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). "To establish Article III standing, 'a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision.'" *Id.* Absent such an injury, there is no subject matter jurisdiction over an action. *See, e.g., Houser v. Pritzker*, 28 F.Supp.3d 222, 227, 239 (S.D.N.Y. 2014) (granting motion to dismiss for lack of subject matter jurisdiction as to plaintiffs who had not established an injury-in-fact).

Of particular relevance to the instant action, a plaintiff is required to show "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, --- U.S. --- (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The "injury" alleged cannot be "abstract," but instead "must actually exist." *Spokeo*, 136 S.Ct. at 1548.

While an organizational plaintiff may base its alleged injury-in-fact on claims that it suffered "a perceptible impairment" of its "ability to provide counseling and referral services," such plaintiff must nevertheless demonstrate that it has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Ragin v. Harry Macklowe*

*Real Estate Co.*, 6 F.3d 898, 905, 903 (2d Cir. 1993). In cases arising under the Fair Housing Act ("FHA") involving allegations of discrimination, as here, plaintiffs must show that they were denied "the opportunity to compete on an equal footing for fair housing in their desired neighborhoods" to establish a viable injury-in-fact. *Winfield v. City of New York*, No. 15CV5236-LTF-DCF, 2016 WL 6208564, at *4 (S.D.N.Y. Oct. 24, 2016).

In the vast majority of cases in which plaintiffs seek redress for policies that are allegedly discriminatory and create a disparate impact on a protected group, plaintiffs – whether individual, organizational, or both – tend to establish the alleged discriminatory impact through the use of individuals commonly referred to as "testers." *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (Fair Housing Act case within which "testers" held to have standing to bring suit). The organizational plaintiff's standing is, in part, based on the tester's or individual plaintiff's experiences, with the organizational plaintiff claiming impairment of mission and diversion of resources based on the discrimination *actually experienced* by the tester and/or by named individual plaintiffs. *See, e.g., Havens Realty Corp.*, 455 U.S. at 379 (organizational plaintiff had standing where its "ability to provide counseling and referral services" was "perceptibly impaired" by virtue of discriminatory practices established through use of testers); *Ragin*, 6 F.3d at 904-05 (same). Where plaintiffs "would not have been eligible to compete" for the opportunity at issue regardless of the allegedly discriminatory policy, they "cannot demonstrate an injury-in-fact sufficient to prove Article III standing, and must be dismissed from the action." *Houser*, F.Supp.3d at 239.

## II. The Instant Case

In the instant matter, The Fortune Society has not put forth any specific individuals for consideration by Defendants as potential tenants. The record is also devoid of any reference to testers. The Fortune Society has not named or otherwise identified a single specific client who either submitted or would have submitted an individual application to lease an apartment from Defendants and who was denied a lease on the basis of his or her criminal record. Instead, The Fortune Society appears to rely solely on generalized allegations that Defendants had a stated "blanket" policy of denying applications from would-be tenants with criminal backgrounds to support their supposed organizational injury. Absent any reference to a specific would-be tenant who was harmed by the alleged policy, however, The Fortune Society has arguably failed to state a sufficient injury-in-fact to support its claim of standing to bring this suit.

In particular, The Fortune Society has not identified any individual client who was "prevented…from competing on an equal footing" with other potential tenants by virtue of the allegedly discriminatory policy, as generally required to establish standing in a disparate impact case. *Houser*, 28 F.Supp.3d at 237. We therefore believe there is a sufficient basis in law to move to dismiss The Fortune Society's complaint for lack of subject matter jurisdiction because The Fortune Society has not adequately pled its injury-in-fact and therefore lacks standing to maintain this suit.

      Given that standing is a threshold question which may, if resolved in Defendants' favor, be entirely dispositive of the instant action, we respectfully submit that it would be in all parties' best interest to fully brief and, if necessary, hold oral argument on, the anticipated standing motion before the Court hears argument and rules on the pending motions for summary judgment, as the summary judgment motions may be rendered moot by the outcome of the anticipated motion to dismiss. *See, e.g., Gimenez v. Law Offices of Hoffman & Hoffman*, Nos. CV 12-0669(JFB)(ETB), CV 12-2844(JFB)(ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying case pending outcome of potentially dispositive motions to dismiss); *Picture Patents, LLC v. Terra Holdings LLC*, Nos. 07 Civ. 5465(JGK)(HBP), 07 Civ. 5567(JGK)(HBP), 2008 WL 5099947, at *1 (S.D.N.Y. Dec. 3, 2008) (staying all deadlines in case pending outcome of motion to dismiss for lack of subject matter jurisdiction).

      Additionally, in light of our review of this case as incoming counsel, we have contacted Plaintiff's counsel to open settlement communications.

      For the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference to discuss Defendants' anticipated motion to dismiss and proposed stay of the cross-motions for summary judgment.

Respectfully submitted,

Loretta M. Gastwirth

cc:    All Counsel of Record (via ECF)

775580-1