LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

Stephanie Suarez, Esq.
Ext. 176
Email: ssuarez@meltzerlippe.com

**Via ECF**                                                                 March 22, 2017

Honorable Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: *The Fortune Society v. Sandcastle Towers et al.*,
       Civil Docket No. 1:14-cv-06410 (VMS)
       <u>MLGB File No.: 13057-00150</u>

Dear Judge Scanlon:

  This letter is written in response to Plaintiff's correspondence of March 21, 2017 [Dkt. No. 120], within which Plaintiff requests permission to file a sur-reply in connection with the parties' recent supplemental briefing regarding issues of standing and subject matter jurisdiction. Respectfully, Defendants request that the court deny Plaintiff's request to file a sur-reply. Alternatively, should the Court grant such leave, Defendants request leave to respond to such a sur-reply.

  Plaintiff claims a sur-reply is warranted because Defendants have raised "three new arguments" that were not raised in their opening brief.  This is simply incorrect.  First, with respect to what Plaintiff's describes as the first two "new arguments," Defendants have never argued, and indeed do not argue, that *only* natural persons can ever have standing under the FHA.[1]  Instead, Defendants have argued that this particular Plaintiff lacks standing to maintain this particular suit because Plaintiff "has never – in pleadings or elsewhere – identified a single individual otherwise

---

[1] Indeed, neither of the cases upon which Plaintiff relies in support of their argument as to this point supports Plaintiff's claims, as the plaintiffs in each case were *individual tenants* suing their landlords for allegedly discriminatory conduct. *Wentworth v. Hedson*, 493 F. Supp. 2d 559, 560 (E.D.N.Y. 2007) (identifying plaintiffs as two individual tenants who rented an apartment from defendant landlords); *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 206 (1972) (identifying plaintiffs as "[t]wo tenants of Parkmerced, an apartment complex in San Francisco").  Moreover, it must be noted that Plaintiff's appeal to *Trafficante* in support of its claim to standing is particularly misplaced, as the Supreme Court has since declined to endorse *Trafficante*'s broad pronouncements with respect to standing and has described *Trafficante*'s statements on this issue as "ill-considered."  *Thompson v. North American Stainless, LP*, 562 U.S. 170, 176 (2011).

Hon. Vera Scanlon
March 22, 2017
Page 2 of 3

qualified for the housing opportunity at issue here who was impacted by Defendants' alleged discriminatory policy." (*see* Defendants' Supplemental Brief in Support of Dismissal of the Action for Lack of Subject Matter Jurisdiction ("Defendants' Opening Brief") [Dkt. No. 115] at 1.) "Plaintiff itself has no rights and immunities with respect to the apartments at The Sand Castle" because it was "not an otherwise eligible tenant," (*see id.* at 10 (citations, quotations omitted)). Defendants have consistently maintained throughout the supplemental briefing process that Plaintiff's lack of standing is predicated on its failure to identify any individual affected by Defendants' allegedly discriminatory policy.[2] Plaintiff's argument that it somehow was not on notice of Defendants' position that Plaintiff lacks standing because it is not a member of the relevant protected class and cannot speak for the relevant protected class until it received Defendants' reply brief is thus patently specious.

Next, Plaintiff grossly misstates Defendants' argument with respect to Plaintiff's organizational standing (which Plaintiff erroneously characterizes as the third "new argument"). Defendants have never disputed the general legal standard to establish organizational standing. Rather, Defendants have continuously maintained that Plaintiff lacks organizational standing *in this specific matter* because Plaintiff has failed to identify an otherwise qualified potential tenant who was denied the opportunity to compete on an equal footing for housing at The Sand Castle by virtue of The Sand Castle's allegedly discriminatory policy. There is nothing in *either* of the cases upon which Plaintiff's latest correspondence relies with respect to this point to contradict this argument.[3] Moreover, neither of the cases upon which Plaintiff purports to rest its need for a sur-reply constitutes new legal argument, as both were already cited and relied upon in Plaintiff's opposition brief. Thus, it is plain that Plaintiff simply seeks to retread ground it has already covered under the guise of "responding to new arguments" in a transparent attempt to have the last word on the parties' supplemental briefing, and to correct its own failures to adequately respond to Defendants' arguments when it had the opportunity to do so in its opposition brief.

Whether to permit a litigant to file a sur-reply is "a matter left to the Court's discretion." *Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB)(KNF), 2008 WL 754686, at *1 n. 1 (S.D.N.Y. Mar. 12, 2008) (applying the shared Local Rules of the United States District Courts for the Southern and Eastern Districts of New York). "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Id.* (internal quotation, citation omitted). To the extent that

---

[2] In point of fact, Defendants set forth this position even earlier than within the briefing itself, as Defendants provided the Plaintiff and this Court with an overview of this precise argument in its correspondence to the Court dated January 25, 2017 [Dkt. No. 111].

[3] Indeed, in *Fair Housing Justice Center, Inc. v. Edgewater Park Owners Co-op., Inc.*, No. 10 CV 912(RPP), 2012 WL 762323 (S.D.N.Y. Mar. 9, 2012), the Court found that an organization whose mission was "to ensure that all people have equal access to housing opportunities… by eliminating housing discrimination" had standing, and it must be noted that the organization was not the sole plaintiff, but rather sued as co-plaintiff with named individuals who had allegedly been directly discriminated against. Similarly, in *MHANY Mgm't. Inc. v. Inc. Vill. of Garden City*, 985 F. Supp. 2d 390 (E.D.N.Y. 2013), the plaintiff organization itself had been subjected to direct discrimination, as it was an affordable housing developer prevented from engaging in the defendant Village's bid process by virtue of allegedly discriminatory zoning practices. In other words, in *MHANY Mgm't. Inc.*, the plaintiff had itself been *directly* harmed and denied the opportunity to compete on equal footing for the opportunity at issue, which was the opportunity to engage in housing development within the defendant Village. *Id.*

784292-1

Courts in the Second Circuit *do* permit parties to file sur-replies, leave to so file is typically reserved for circumstances where "**new evidence** is presented in a party's reply brief or affidavit in further support of its summary judgment motion." *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000) (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991)) (emphasis added).

Here Plaintiff's request is not directed towards any "new evidence" presented by Defendants in Defendants' reply, as no such "new evidence" was raised. Instead, Plaintiff appears to be specifically concerned with addressing legal arguments – legal arguments which were clearly first raised and discussed in Defendants' opening brief,[4] if not sooner.[5] Defendants raised no new argument in their reply, and did not even raise any new case law therein, instead merely rebutting the case law upon which Plaintiff relied in its own brief. Plaintiff's disagreement with Defendants' understanding of the meaning and import of these cases, and its desire for yet another opportunity to continue the disagreement, is not nearly enough to warrant the granting of a sur-reply. *See, e.g.*, *Barone v. S&N Auerbach Mgm't., Inc.*, No. 12-CV-6101(SJF)(SIL), 2015 WL 4988073, at *6 (E.D.N.Y. Aug. 19, 2015) (holding there was no error in "failing to grant plaintiff's request for leave to submit a sur-reply").[6]

Defendants therefore respectfully request that Plaintiff's request for permission to file a sur-reply be denied. In the alternative, should the Court grant Plaintiff's request, Defendants should be granted an opportunity to submit their own further reply, because Defendants as the movants in this supplemental briefing are entitled to proffer the last statement in support of their position. Thank you for your consideration of this matter.

Respectfully submitted,
Meltzer, Lippe, Goldstein & Breitstone, LLP

/s/Stephanie Suarez
Stephanie Suarez
*Attorneys for Defendants*
190 Willis Avenue
Mineola, New York
(516) 747-0300

cc:   All counsel of record (via ECF)

---

[4] S*ee, e.g.*, Defendants' Opening Brief at 15 ("The identification of individual plaintiffs affected by an allegedly discriminatory policy or action is crucial to standing").

[5] *See* Defendants Correspondence to Judge Scanlon dated January 25, 2017 [Dkt. No. 111] at 2 ("This failure on Plaintiff's part to identify any otherwise qualified potential tenants who were affected by the alleged 'blanket ban' deprives the Court of jurisdiction").

[6] *See also Tucker v. Banknorth, NA*, 333 F.Supp.2d 50, 57 (E.D.N.Y. 2004) ("the Court denies the… motion to file a sur-reply… as the Court does not accept sur-replies");  *Soto v. Wright*, No. 11 Civ. 2289 (PAC)(JLC), 2012 WL 265962, at *2 n. 3 (S.D.N.Y. Jan. 26, 2012) (recommending rejection of sur-reply submitted in violation of Court's Rules, noting "sur-replies are not permitted in federal court"); *Douce v. Origin ID TMAA 1404-236-5547*, No. 08 Civ. 483 (DLC), 2009 WL 382708, at *4 n. 7 (S.D.N.Y. Feb. 17, 2009 (rejecting sur-reply where the issue the party seeking sur-reply sought to further brief "had been fully identified in [the] moving papers").

784292-1