UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE FORTUNE SOCIETY, INC.,　　　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　　1:14-cv-6410 (VMS)

　　　　　　　Plaintiff,

　　-against-

SANDCASTLE TOWERS HOUSING
DEVELOPMENT FUND, SARASOTA
GOLD LLC, E & M ASSOCIATES LLC
and WEISSMAN REALTY GROUP, LLC,

　　　　　　　Defendants.
-----------------------------------------------------------X

# DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

As permitted by the Court's Order dated August 31, 2017, Defendants[1] submit this brief in response to Plaintiff's "Notice of Supplemental Authority" [Dkt. No. 126, filed August 24, 2017] (hereinafter, the "Supplemental Brief"). In the Supplemental Brief, Plaintiff seeks to "inform the Court of [a] recent decision" in a case currently pending before the U.S. District Court for the District of Columbia, *National Fair Housing Alliance v. Travelers Indemnity Co.*, No. 16-928 (D.D.C. Aug. 21, 2017) (Bates, J.) ("*Travelers*"). Plaintiff claims the *Travelers* decision "rejects" the argument "that organizations lack standing to bring disparate impact claims under the Fair Housing Act unless they identify specific individuals denied housing because of the challenged policy." Supplemental Brief at 1. In so doing, Plaintiff misstates Defendants' arguments, overlooks key elements of the *Travelers* decision, and fails to recognize that the *Travelers* decision is entirely consistent with Defendants' previously-briefed case law. Plaintiff's Supplemental Brief thus does nothing more than further demonstrate Plaintiff's failure to establish standing to maintain its FHA claims.

## PLAINTIFF MISSTATES THE HOLDING AND IMPORT OF *TRAVELERS*

The holding in *Travelers* is entirely consistent with *Defendants'* arguments *against* Plaintiff's claim to standing. *Travelers*, quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (also previously cited by Defendants), states that "[t]he 'irreducible constitutional minimum' of standing requires a plaintiff to have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Travelers*, Exhibit A to the Supplemental Brief ("Exhibit A") at 7. For a would-be organizational plaintiff to have standing under the FHA, "the key issue is whether it suffered a concrete and demonstrable injury to [its] activities rather than a mere setback to [its] abstract social interests." *Id.* at 8 (internal quotations, citations omitted).

---

[1] All terms defined previously will continue to be used here.

*Travelers* explicitly states an organizational plaintiff must "identify a party with an actual injury" to establish standing, and cannot proceed without, at a minimum, "identifying the category of persons who will be harmed by the challenged policy." *Id.* at 17. While Plaintiff claims that, under the *Travelers* decision, Plaintiff has no obligation to identify any individual harmed by or at risk of harm from the allegedly discriminatory policy to establish its standing under the FHA, Plaintiff is simply wrong. *Travelers* does not excuse Plaintiff from its burden to "sufficiently plead[] a causal connection between [Defendants'] policy and a disparate impact." *Id.* at 6. Plaintiff must demonstrate the existence of "a sufficiently close causal connection" between the alleged injury and the alleged policy at issue, and must do so by identifying harm that has been or will be suffered by members of a protected class. *Id.* at 18. In short, and as Defendants have argued in prior briefs, Plaintiff must identify members of a protected class denied the opportunity to compete for housing on an equal footing by virtue of the alleged discriminatory policy to successfully demonstrate standing. *Travelers* does not change this essential principle.

As *Travelers* demonstrates, there are a number of ways in which an organizational plaintiff may establish standing to raise FHA claims. An organizational plaintiff may, as the *Travelers* plaintiff did, rely upon the experiences of testers to demonstrate the discriminatory impact of a challenged housing policy.[2] An organizational plaintiff may also, as the *Travelers* plaintiff did, demonstrate that the organization speaks particularly on behalf of members of a legally recognized protected class. *Id.* at 12. Finally, an organizational plaintiff may, as the

---

[2] "NFHA's allegations are based on the experiences of five 'testers,' who each 'posed as a prospective purchaser of a four unit apartment complex' in the Anacostia neighborhood in southeast D.C. and attempted to obtain insurance. [...] The testers spoke with 'insurance agencies doing business in the District of Columbia that market Travelers insurance policies' between July 2015 and February 2016. [...] NFHA employed 'experienced tester[s],' [...] 'provided a common set of instructions to the individual testers,' and recorded the interactions that took place over the telephone, [...]. The testers 'advised each broker that the complex was currently occupied by tenants participating in the Housing Choice Voucher program.' [...]. In each instance, the broker explained to the tester that 'Travelers would not underwrite the policy because of the presence of voucher recipients in the building.' [...]." *Travelers*, Exhibit A at 2.

*Travelers* plaintiff did, demonstrate the organization's mission is to "promot[e] fair housing" in accordance with the underlying principles of the FHA. *Id.* at 12. Plaintiff's failing here lies not in the absence of any one of these elements, but rather in the absence of all three.[3]

Here, Plaintiff did not use testers, and instead attempts to equate Plaintiff's three attempts to rent apartments from Defendants in its own name as an organization to the *Travelers* plaintiff's use of actual individual testers. Further, Plaintiff, unlike the *Travelers* plaintiff, is not itself a member of a protected class and does not exclusively serve members of a protected class. Formerly incarcerated individuals are not a recognized protected class pursuant to the FHA.[4] Finally, Plaintiff's mission is not restricted to fair housing or to serving only members of a legally recognized protected class. Instead, Plaintiff's mission is to assist clients with a range of activities, regardless of their racial or ethnic backgrounds, based solely on their status as formerly incarcerated individuals. Thus, there is nothing in the *Travelers* decision (or in any other case cited in prior briefs) to warrant drawing an equivalency between the *Travelers* plaintiff, which undisputedly speaks for a protected class on fair housing issues, and Plaintiff, which speaks for formerly incarcerated individuals of all backgrounds across a range of issues.

With respect to the additional standing arguments previously raised by Defendants which are not addressed by the *Travelers* decision, the Court is respectfully referred to Defendants' prior briefs.

---

[3] Plaintiff's implication *Travelers* constitutes new authority is also unavailing. *Travelers* relies on a number of cases Plaintiff has already briefed, including *Texas Dep't of Housing & Community Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), *Havens Realty Corp. v. Coleman*, 455 U.S. 33 (1982), *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 97–98, 109–111 (1979), *Mhany Mgm't., Inc. v. Cnty. of Nassau*, 819 F.3d 581 (2d Cir. 2016), and *Mhany Mgm't., Inc. v. Cnty. of Nassau*, 843 F. Supp. 2d 87 (E.D.NY. 2012). *Travelers* did not depart from or exceed the boundaries of, and is instead entirely consistent with, these prior cases (which are in any event inapposite here, per Defendants' prior briefs). *Travelers*, Exhibit A at 14-16, 18-19.

[4] *Gillum v. Nassau Downs Regional Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005) ("status as a convicted felon is not a protected class"); *Miller v. McKinley Inc.*, No 05-40310, 2007 WL 2156273, at *9 (E.D. Mich. July 26, 2007) (holding "convicted felons are not a protected class" under the FHA).

3

806953-1

Dated: Mineola, New York
       September 8, 2017

Respectfully submitted,
MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _____
Loretta M. Gastwirth, Esq.
Stephanie Suarez, Esq.
Larry R. Martinez, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
*Attorneys for Defendants*